IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 |
| BRIAN J. FORDON | ) | |
| | ) | CASE NO. 12 B 7307 |
| | ) | JUDGE BRUCE BLACK |

### INITIAL RESPONSE OF DEBTOR TO TOWN CENTER BANK'S RESPONSE TO AND JOINDER IN INLAND BANK'S MOTION TO AMEND ORDER ENTERED AUGUST 10, 2012

**NOW COMES,** BRIAN J. FORDON ("Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, and in Response to Town Center Bank's Response to and Joinder in Inland Bank's Motion to Amend Order Entered August 10, 2012 (Docket Number 44) and states as follows:

1. On August 10, 2012, two properly noticed Motions were before this Court for Hearing (Docket Number 20 and 21). The first was a Motion by the Debtor to Reopen this Bankruptcy Case to Amend a Scriveners error in a Motion to Avoid Lien as to Town Center Bank and JPMorgan Chase Bank, N.A (Docket Number 20). (hereinafter called "Motion to Correct Scriveners Error"). The second Motion was a Motion to Avoid Lien by the Debtor as to Inland Bank. (Docket Number 21). The balance of this response only deals with Town Center Bank. Any issues regarding Inland Bank will be discussed at length in a separate response which will be filed at the latest by September 6, 2012.

2. This is the third time that Town Center Bank has filed almost exactly the same Response to three separate Motions asking for the same relief and citing almost no authority for what Town Center Bank requests. (Docket Numbers 25, 35 and 44). Each of the responses as will be demonstrated below are not responsive the Motion that was then existing before the Court. Town Center Bank additionally has never filed any affirmative Motions. All Town Center Bank

1

does as will be seen below is file Response asking for relief that has nothing to do with the then existing Motion before the Court.

3.      Town Center Bank initial difficulty (which Town Center Bank obviously does not understand) is that the lien of Town Center Bank was not avoided on August 10, 2012 but was avoided on June 1, 2012 pursuant to 11 USC 522(f)(1)(A).   See attached Motion to Avoid Lien of Town Center Bank and JPMorgan Chase, N.A. and the June 1, 2012 Order (Docket Number 16 & 18). The August 12, 2012 Order referred to Town Center Bank was simply a Motion and an Order to correct a Clerical mistake or a Scriveners error pursuant to Federal Rule of Bankruptcy Procedure 9024 and/or Federal Rule of Civil Procedure 60(a).   The only difference between the June 1, 2012 and August 10, 2012 order was that the name of the Debtor was wrong on the June 1, 2012. Every other aspect except for the Debtor's name was the same in the both Orders.  A copy of the June 1, 2012 and August 10, 2012 Orders are attached as an Exhibit.

4.      On August 8, 2012 when Town Center Bank filed its Response for the first time (Docket 25), Town Center Bank appeared to argue that the June 1, 2012 Order should be Amended or Modified.    Nothing in Docket 25 even mentions the June 1, 2012 Order or gives any basis that would allow the Court to modify either Order.   In Docket 25 (or in Docket 35 or 44 for that matter) Town Center Bank never states that the Motion relating to the June 1, 2012 Order was not noticed correctly or any alleged excuse why Town Center Bank did not object to the June 1, 2012 order at that time.   If such facts existed why has Town Center Bank never mentioned this issue in three separate documents or Responses filed with the Court.   Additionally, difficult is that Town Center Bank did not appear in Court on August 10, 2012.   At that point, the court granted the Debtor's Motion pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(a) and the Court specifically stated that the Response of Town Center Bank was not responsive to the Motion pending at that time.  The reasons stated above are part of the reasons that trying to understand or comprehend Town Center Bank's is so perplexing and difficult.

5.      Noticed for August 24, 2012 was Inland Bank's Motion to Vacate and/or Amend the Inland Order.   What is curious is that again Town Center Bank was responding (Docket 35) to Inland's Motion and still asking for Modification of the August 10, 2012 Order and not the June 1, 2012 Order.   In that Response (Docket 35), Town Center Bank again stated no basis for the Court to consider its requested relief (even if it could be construed as a Motion).   In Court on August 24, 2012 the Court denied Inland Bank's Motion (and again denied the relief requested in the Response filed by Town Center Bank).

6.      In the current Response (Docket 44) (still no affirmative Motion filed by Town Center Bank) for the first time Town Center Bank has alleged in its introduction paragraph that the Response and the Relief Requested is pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60.  However, Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60 are not mentioned again anywhere in Docket 44.   It is incomprehensible that the Response is based on Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(a) as no clerical error or mistake is asked to be corrected.  So it is likely that Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60 is at issue.   However, no facts are alleged which would bring any part of Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60 into play.  The Debtor or any other party for that matter should not have to guess at the basis of a Motion.  If the Court does allow Town Center Bank to explain in writing at a later time the Debtor should have the opportunity to respond as the Debtor is at loss on how to respond when no information in this regard is contained in Docket 44.

7.      Based on a review of the filings by Town Center Bank it is apparent that Town Center Bank has not and cannot state any basis to vacate or amend the June 1, 2012 Order.  All of the issues raised in the pending Response should have been raised earlier.

8.      The Debtor also is not able to Respond to the Request for Joinder as Town Center Bank never seeks to state what it wants to Join and what effect that

would have on the proceedings.   The Debtor cannot respond to this request as it is again unclear how or why Town Center Bank would do so.  This is because even if Inland Bank was right this would not entitle the avoidance of Town Center Bank to be vacated or modified.   These are separate issues and one has nothing to do with the other.

9.     Finally, if the Response is construed as a Motion then the question is to which Response was the original Motion, as anything filed later would really be a Motion to Reconsider to which different elements would apply.

10.    The Debtor has not stated in this Response anything regarding Town Center Bank's allegations as stated in pending Response as they are not at issue at present.   If this Court does not agree with the Debtor and Town Center Bank is entitled to re litigate the issues in the pending Response then the Debtor requests a chance to do so.

**WHEREFORE, t**he Debtor requests this Honorable Court to Deny the Response of Town Center Bank's Motion to Vacate and/or Modify this Court's August 10, 2012 Order (Docket Number 28)and for such other relief as may be entitled.

                                                  _____/s/ Paul M. Bach_____
                                                   Paul M. Bach (06209530)

Paul M. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808