IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 7 |
| BRIAN J. FORDON | ) | |
| | ) | CASE NO. 12 B 7307 |
| | ) | JUDGE BRUCE BLACK |

**INITIAL RESPONSE OF DEBTOR TO AMENDED MOTION OF INLAND BANK & TRUST COMPANY TO AMEND AND/OR VACATE COURT ORDER OF AUGUST 10, 2012 (DOCKET NUMBER 43)**

**NOW COMES,** BRIAN J. FORDON ("Debtor"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, and in Response to the Amended Motion of Inland Bank & Trust (hereinafter called "Inland") to again Vacate and/or Amend this Court's Order entered on August 10, 2012 (Docket Number 43) and states as follows:

1. Inland and the various Motions filed in this case by Inland are a prime example of a party "who decides that they will play by rules of their own invention will find that the game cannot be won." *Haney vs. Educational Credit Management Corporation* (E.D.Ky.2012) citing *New National Insurance Co. vs. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994). This is perhaps the best explanation to understand the procedural history surrounding the granting of the Motion of the Debtor's to Avoid Lien as to Inland Bank which was granted on August 10, 2012. (Docket Number 27). Both the prior Motion to Amend or Vacate by Inland Bank (Docket Number 31) and the current Motion (Docket Number 43) have no factual or legal support for the relief that was requested in either the initial Motion or in the current Motion. As will seen below, it not even clear at this time what is the actual basis of the pending Amended Motion (hereinafter called "the current motion"). The current motion suggests the basis is now Federal Rule of Bankruptcy Procedure 9023 and 9024. However, the Federal Rules of Bankruptcy Procedure do not allow successive Federal Rule of Bankruptcy Procedure 9023 and/or 9024 after a prior Motion was denied and what is actually

1

pending in the current Motion is in actuality a Motion to Reconsider the denial of the prior Motion. *In re Scott M. Goldstein*, (Bankr.W.D.Mich.2008) and *Dennis Hough vs. Margulies*, 10-04050 (Bankr.S.D.NY.2012).

2.      On August 10, 2012, two properly noticed Motions were before this Court for Hearing (Docket Number 20 and 21). The first was a Motion by the Debtor to Reopen this Bankruptcy Case to Amend a Scriveners error in a Motion to Avoid Lien as to Town Center Bank and JPMorgan Chase Bank, N.A (Docket Number 20). The second Motion and subsequent Order is what is at issue in this pending Motion which was a Motion to Avoid Lien by the Debtor as to Inland Bank. (Docket Number 21) (hereinafter called "the Inland Avoidance Motion"). See attached Motion.

3.      At the time of hearing on the Inland Avoidance Motion no written response had been filed by Inland or any other party in interest. (The only Response was the Motion to Avoid was filed by Town Center Bank and had nothing to do with Inland.) Additionally, nobody appeared for Inland or any other party in interest at the time of hearing on the Inland Avoidance Motion. Since the Motion was properly noticed on August 10, 2012 this Court entered the requested Order which limited Inland's lien on the Debtor's real estate pursuant to 11 U.S.C.522 (f)(1)(A) to $126,100.00. See attached order entered on August 10, 2012. (hereinafter called "the Inland Order").

4.      On August 16, 2012, Inland Bank had filed its initial Motion (Inland's Motion to Vacate and/or Amend the Inland Order-Docket 31) (hereinafter called "the initial Motion"). In the prior Motion, Inland did not state anywhere in its Motion the basis (statutory, rules or case law) to Vacate or Amend the Inland Order.

5.      On August 24, 2012 the Court in denying the initial Motion simply stated that the initial Motion did not state any authority or basis the grant the requested relief. Inland in the current Motion suggests that the denial of the initial Motion on August 24, 2012 was without prejudice. The docket only indicates that the initial Motion was denied for the reasons stated on the record. That is also the undersigned counsel's recollection of what was stated by the Court on August

24, 2012. For Inland to suggest that the denial on August 24, 2012 was without prejudice is simply another example of Inland reinventing the rules and facts in this case.

6. In fact, based on the relief requested in Inland's initial Motion (vacate and/or Amend the Inland Order) by Inland was pursuant to Federal Rule of Bankruptcy Procedure 9023(e) which mirrors Federal Rule of Civil Procedure 59(e). This Rule states: "Motion to Alter or Amend a Judgment. A Motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." The 28 day reference is actually 14 days based on the introductory language of Federal Rule of Bankruptcy Procedure 9023. The Debtor does not dispute that that the initial Motion based on Federal Rule of Bankruptcy Procedure 9023(e) Motion was timely.

7. The Debtor's believe that the initial Motion was a Motion pursuant to Federal Rule of Bankruptcy Procedure 9023 is based on the Seventh Circuit Court of Appeals instructing lower courts to treat all substantive post-judgment motions filed within ten days of judgment under Rule 59. *Charles v. Daley*, 799 F.2d 343 (7th Cir.1986). See also *Talano v. Nw. Med. Faculty Found.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001). Even though 10 days has now been enlarged to 14 days as a result of the changes to the Federal Rules of Bankruptcy Procedure, the initial Motion was clearly an attempt at a substantive motion and thus the initial Motion was clearly a Federal Rule of Bankruptcy Procedure Rule 9023(e) Motion. Additionally, Judge Cox in Footnote 1 in *In Re Brooks*, 324 B.R. 56 (Bankr.N.D.Ill.2005) stated, "Any motion that draws into question the correctness of the judgment is functionally a motion under Rule 9023 whatever its label. Thus a motion to "reconsider," "for clarification," to "vacate," to "set aside" or to "reargue" is a motion under Rule 9023...."

8. Federal Rule of Bankruptcy Procedure 9023(e) only contemplates a party such as Inland having "one bite of the apple" on a Motion such as the Initial Motion. If a subsequent Motion is filed after the denial of an initial Motion under Federal Rule of Bankruptcy Procedure 9023 such a Motion is in actuality only a Motion to Reconsider. In *In re Scott M. Goldstein*, (Bankr.W.D.Mich.2008) the a

prior Motion had been denied and a subsequent Motion filed stating the same essential facts as stated in the prior Motion. The Court in *Goldstein* found that the second Motion was in actuality a Motion to Reconsider the Prior Order which had different elements that had to proven by the Movant. As stated in *Goldstein*, "Motions for reconsideration serve a limited purpose and courts should grant them only for the following reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice. *Goldstein* at Page 3 citing *General Truck Drivers Local No. 957 vs. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999). Obviously none of these are present in the current Motion.

9. As stated above the current Motion attempts to allege a basis for the current Motion Federal Rule of Bankruptcy Procedure 9023 and 9024. However, the current Motion is untimely. The current Motion was initially filed on August 30, 2012 which is 17 days after the August 10, 2012 order was docketed (Docketed on August 13, 2012). In paragraph seventeen of the current Motion, Inland states that somehow the current Motion relates back to the filing of the initial Motion. The only authority for the proposition of relation back based on the current Motion is Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e). However, nothing in those rules states anything about relation back. Clearly relation back is mentioned in other sections of the Federal Rules of Bankruptcy Procedure. However, nothing is stated in the Rules or in any case law that the undersigned is aware of which would allow relation back to the time of filing of the initial Motion. The case law on Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) is quite clear that the Motion must be filed within 14 days or it is untimely.

10. In the event, the Court finds the Current Motion does in fact relate back to the filing of the initial Motion, the Court should carefully look at what is required for a Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) Motion as stated below. The Court should in considering this consider the procedural history. The Response by the Debtor to the initial

Motion contained various case law about Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) and how these elements have been interpreted. Inland choose to ignore this case law and in fact only cited three cases in the pending Motion and did not discuss the elements and blindly states that somehow the current Motion complies with Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e). However as the Court will see this is far from the truth. There is nothing in the current Motion which comes anywhere close to what must be alleged. The hard fact for Inland is that Inland was served with a Motion to Avoid Lien according to the Bankruptcy Rules and did not respond or appear in Court. Somehow Inland believes that now Inland can charge into Court and just Amend or Vacate the August 10, 2012 order just because Inland says it can. Inland clearly has no regard for the Rule of Law and how this Court works. This is obvious by Inland blindly stating that Inland falls within Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) when Inland has been confronted with case law suggesting otherwise and does not even attempt to discuss this case law and how it would not apply. To help the Court understand these elements (even though ignored by Inland) these are stated below:

11. In regards to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) Judge Cox also stated in *Brooks* (324 B.R at 58-59) that

> The grounds for granting a Rule 59 motion for reconsideration and amendment of a judgment are similar to those required for amending factual and legal findings under Rule 52(b) (and Bankruptcy Rule 7052). Those grounds include (1) an intervening change in the law, (2) newly discovered evidence that in all fairness could not have been presented or could not have been anticipated as being relevant at the time of trial, (3) any manifest error of fact or law, and (4) lack of notice. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998); *Matter of Prince,* 85 F.3d 314, 324-25 (7th Cir.1996); *Publishers Resource, Inc. v. Walker-Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985); *Spirk v. Sullivan,* 2003 WL 22048077, at *7 (N.D.Ill.2003); *In re Brogden,* 274 B.R. 287, 293-94 (Bankr.M.D.Tenn.2001); cf. *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986) (same for Rule 52(b) motion to amend factual findings). If the ground asserted is that the judgment was based on a manifest error of fact or law, the alleged error must relate to evidence and

legal arguments that were already part of the trial record and pleadings leading to the disputed judgment. *See Prince*, 85 F.3d at 324; *Fontenot*, 791 F.2d at 1219-20. The movant cannot present new legal theories (other than ones based on an intervening change of law) or new evidence (other than evidence that could not have been discovered in time for trial). *See Walker-Davis*, 762 F.2d at 559, 561; *Fontenot*, 791 F.2d at 1219-20; *Spirk*, 2003 WL 22048077, at *7.

12. Judge Squires stated in *In Re Ross*, 377 B.R. 599 (Bankr.N.D.Ill. 2007)

> Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Indeed, the Rule permits a party to bring to the attention of the trial court "factual and legal errors that may change the outcome so they can be corrected. It does not allow a party to introduce new evidence earlier available, or advance arguments that could and should have been presented prior to the judgment." *Herbstein v. Bruetman (In re Bruetman)*, 259 B.R. 672, 673-74 (Bankr. N.D.Ill.2001).
>
> The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro*, 91 F.3d at 876; *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.)*, 125 B.R. 963, 977 (Bankr.N.D.Ill. 1990). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals*, 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995).

13. Judge Schmetterer stated in *In re Repurchase Corp.*, 332 B.R. 336 (Bankr. N.D. Ill. (2005)):

Rule 59(e) may not be used as a means of presenting arguments or new legal theories or evidence that should have and could have been raised before the judgment was issued. *Figgie Int'l Inc. v. Miller,* 966 F.2d 1178, 1180 (7th Cir.1992); *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). Nor does it afford a movant an opportunity to introduce evidence that was available before the judgment was rendered. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir.1996). If evidence is presented, "the moving party must show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996) (quoting *Engelhard Indus., Inc. v. Research Instrumental Corp.,* 324 F.2d 347, 352 (9th Cir.1963)).

14. Judge Schmetterer stated in, *In Matter of Berg,* Bankruptcy No. 05 B 58649 (Bankr. N.D. Ill. 6/25/2008) (Bankr. N.D. Ill., 2008), "A manifest error of law is the wholesale disregard, misapplication, or failure to recognize controlling precedent. *Oto v. Metropolitan Life ins Co.* 224 F.3d 601, 606 (7th Cir. 2000)."

15. Judge Goldgar noted in *In re Zoll* (Bankr. N.D. Ill., 2012)

    Relief under Rule 59(e) is considered an extraordinary remedy reserved for exceptional cases, *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008), and the movant must therefore "'clearly establish'" one of the three grounds, *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Romo v. Gulf Stream Coach,* Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

16. Based on a review of the case law it is apparent that Inland has not and cannot state any basis let alone "clearly establish" under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) to vacate or amend the Inland Order in the current Motion. All of the issues raised in the pending Motion regarding Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e) should be been raised at the time or prior to the Inland Order being entered. The fact that Inland was not in court does not affect this analysis. Inland after being duly served did not to appear.

17. If Inland thought the facts in the Inland Motion were wrong Inland's remedy was to appear when that Motion was noticed or at the very least file a

7

written response to the Inland Motion. This was not done. Inland should not be allowed now to reopen facts and to litigate issues that have already been decided. Nothing stated in the pending Motion comes anywhere close to alleging new evidence (the evidence is not new) or any other allowable cause and there is no manifest error of law or fact let alone "clearly establishing" one of these three elements. Nothing alleged in the pending motion comes close to these basic requirements and the Court should not now give Inland a second bite of the apple based on Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59(e).

18. The new fact alleged by Inland in the current Motion is why Inland did not appear at the August 10, 2012 hearing. What is surprising and shocking is that fact was not in the initial Motion. Inland in attempt to allege inadvertence under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) attempts to blame not being in Court on August 10, 2012 on a computer error.

19. The Debtor disputes that the alleged computer error is even an error at all. Should this Court not immediately deny this Motion as stated herein the Debtor wishes to conduct discovery as to the alleged computer error by taking a deposition of counsel, a forensic examination of counsel's computer as well as have an examination made of the email systems of counsel. It is especially doubtful of the veracity of the "Junk Mail Folder" based on the fact that the email from Inland to Counsel was not likely the first email from Inland to Counsel. Further, even if there was a computer error, Inland has the responsibility of ensuring its counsel has received its communcations.

20. Based on paragraph twenty three of the current Motion it is believed that the sole basis that Inland is alleging under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) is under paragraph one for inadvertence. This is based on the fact that no other section of Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b) are mentioned anywhere in the Motion. Federal Rule

of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) is specifically mentioned in the prayer for relief. What is puzzling again is that Inland only in passing discusses the four reasons stated in Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) which are "mistake, inadvertence, surprise, or excusable neglect." Based on paragraph twenty six it appears that the only alleged basis is based on the fact that missing the Court date on August 10, 2012 was inadvertent. Nothing at all is mentioned about mistake, surprise or excusable neglect. As a result, these three basis will not be discussed as these issues are clearly not being raised and if they are being raised the Debtor would like to respond once appropriate allegations are made. Inadvertence however is mentioned twice in paragraph twenty six.

21. The Seventh Circuit in stated in *Nelson v. Napolitano*, 657 F.3d 586, 113 Fair Empl.Prac.Cas. (BNA) 392, 80 Fed.R.Serv.3d 899 (7th Cir., 2011), "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir.2010); *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir.2009). Rule 60(b) is also not intended to cover mere legal blunders. But the rule is not intended to correct mere legal blunders, see *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

22. In paragraph 25 of the current Motion, Inland cites *Jones vs. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994) for the proposition that the standard under Rule 60b is that "correct the default, and the existence of a potentially meritorious defense." However, Inland does not discuss the fact that *Jones* is a decision that dealt with vacating a default judgment under Federal Rule of Civil Procedure 55 and the interplay between that Rule and Federal Rule of Civil Procedure 60(b)(1). As noted by the *Jones* Court at 162,

> This standard was originally formulated to evaluate a district court's decision concerning a motion to vacate an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure, *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir.1982), but was eventually applied to structure decisions involving motions to set aside default judgments under Rule 60(b). Id. at 187. See also *Merrill Lynch*

> Mortgage Corp. v. Narayan, 908 F.2d 246, 250 (7th Cir.1990). While the tests are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances--where a default judgment has been entered--to be much more limited and stringent. Breuer, 687 F.2d at 187. This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment. North Cent. Ill. Laborer's Dist. Council v. S.J. Groves & Sons Co., 842 F.2d 164, 167 (7th Cir.1988); Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir.1977).

As stated by its own case, this relief under Federal Rule of Civil Procedure 60(b) requires a lot more than a computer error to give a party a second bite of the apple. The situation currently is not the making of the Debtor. This situation was only caused by Inland and Inland alone. At the very least, questions must be asked if other files or motions are sent to counsel by Inland (and what procedures are in place to acknowledge receipt) and why there was no other type of communication between Inland and its attorney.

23. The Jones Court at 164 went on to state as to the issue of "good faith" on the first prong,

> While a bright-line rule is neither intended nor desired in these cases, Rule 60(b)(1) and the standard for vacating default judgments requires that "cause" for failure to respond be separated from "good cause," and "neglect" of litigation from "excusable neglect." The standards contained in the cases are justifiably vague, requiring extraordinary circumstances as a sufficient condition to justify disturbing a default judgment, e.g., C.K.S. Eng'g, Inc., 726 F.2d at 1204-05 (collecting cases); Planet Corp. v. Sullivan, 702 F.2d 123, 125 (7th Cir.1983), or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated. C.K.S. Eng'g, Inc., 726 F.2d at 1206. We say justifiably vague because, consonant with our deferential standard of review on these matters, the district court is given great latitude in assessing the circumstances of the individual case to discern if either good cause or excusable neglect exists.

Based on the standard set in the very case cited by Inland as to its first prong, Inland fails to provide anything close to sufficient facts. How a computer

error causing non-appearance by counsel is good faith is not alleged in the Motion. Inland does not provide that answer in any way shape or form. The fact that counsel was unaware of something that a client had sent him or her but not received does not elevate that carelessness to "good faith" "inadvertence" or "excusable neglect." The fact that Inland's attorney now states that they would have appeared equally does not elevate that carelessness to "good faith" "inadvertence" or "excusable neglect."

24. Inland has also not acted with reasonably quick action to correct the default in that the initial Motion did not state any of the basis for the relief under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) relating to the alleged computer error. None of those facts were stated in the initial Motion. Although the undersigned can understand not wanting to file information relating to possible attorney malpractice in a Motion is embarrassing, this does not excuse Inland from filing a proper Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(1) Motion initially.

25. The Jones Court at 165 stated in regards to the prong related to a meritorious defense,

> A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Merrill Lynch Mortgage Corp.*, 908 F.2d at 252; Breuer Elec. Mfg., 687 F.2d at 186.

Inland does not appear to contest the fact that the Debtor is entitled to Avoid a substantial part of Inland's lien. Based on the Fair Market value stated by the Debtor in the Inland Avoidance Motion, the Debtor entered an order which benefitted Inland in a substantial amount. Even if the amounts

suggested by Inland as to the Fair Market Value and mortgage balance were correct, Inland still retained a substantial lien. The Debtor's numbers as contained in the Inland Avoidance Motion were based on fair market value services used by the undersigned. The existence of a sales contact does not necessarily mean that is the amount of the fair market value. Using a sales contact can be one way of considering what the fair market value is but not the only way. Even if Inland is successful (which the Debtor would dispute) the lien of Inland would only increase by $30,000.00. However, this proposed increase must be considered by the fact that the Debtor is still going to have the lien of Inland reduced. Should this be an issue the Court should consider the bad faith of Inland in causing the sales contract and closing to terminate as a result of Inland sending a payoff letter to the closing which demanded more than the August 10, 2012 court order allowed.

26. Inland has not come close to making a case that inadvertence applies. It is not inadvertence to claim a computer error causes you do not appear.
27. If this Court does not agree with the Debtor and that Inland is entitled to re litigate the issues in the pending Motion the Debtor requests to file an Supplemental Response.

**WHEREFORE,** the Debtor requests this Honorable Court to Deny the Amended Motion of Inland Bank & Trust to Vacate and/or Modify this Court's August 10, 2012 Order (Docket Number 43) and for such other relief as may be entitled.

                                          _____/s/ Paul M. Bach
                                                Paul M. Bach (06209530)

Paul M. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, Illinois 60065
(847) 564-0808